**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

GGP-PROVIDENCE PLACE LLC, et al., No. 1:26-cv-40217-ADB

Plaintiffs,

v.

FILED IN CLERKS OFFICE

HITESH (HARRY) HARJANI, et al.,

OCT 8 '26 PM3:54 USDC MA

Defendants.

**DEFENDANTS OMNIBUS NOTICE OF APPEAL, MOTION TO STAY REMAND PENDING APPEAL TO ENJOIN OCTOBER 13 TH RHODE ISLAND DISCTRICT COURT EXTRAJUDICIAL RAILROAD HEARING AND STATEMENT OF ISSUES FROM THE NOTICE OF REMOVAL AND FROM THE EMERGENCY VERIFIED OMNIBUS MOTION TO STRIKE, VACATE, AND STAY FILED IN RHODE ISLAND SIXTH DIVISION DISTRICT COURT NOS. 6CA-2026-10388 AND 6CA-2026-10389, INCLUDING WEAPONIZED JUDICIAL LAWFARE AND CONTENDED DOCKET MANIPULATION AND DEMAND FOR EN BANC EVIDENTIARY HEARING**

Defendant Hitesh (Harry) Harjani, individually and on behalf of Instyle Fragrances-Perfumes d/b/a Instyle Runway, proceeding pro se along with Nicholas Fiorillo, pro se, as with assignment of claims, counter claims now appeals the "deep fake" clerk manufactured rapid fire remand of Rhode Island Sixth Division District Court Nos. 6CA-2026-10388 and 6CA-2026-10389 by conflicted and disqualified Alison D Borroughs and moves to stay transmission of the remand.

**PART I: NOTICE OF OMNIBUS APPEAL OF ALL ORDERS OF CONFLICTED JUDGE – PENDING DISQUALIFIACTION**

Notice is hereby given that Defendant appeals to the United States Court of Appeals for the First Circuit from the Order of Remand entered October 1, 2026 (ECF No. 7), and from the Electronic Order of the same date by Judge Allison D. Burroughs remanding this action to the Rhode Island Sixth Division District Court.

The orders remanded sua sponte under 28 U.S.C. § 1447(c), on the grounds that a Rhode Island action cannot be removed to this District, that state-court process was not attached as required by

28 U.S.C. § 1446, and that the notice of removal did not meet 28 U.S.C. § 1443. This appeal is taken under the § 1447(d) exception for a case removed pursuant to § 1443, and under BP P.L.C. v. Mayor & City Council of Baltimore, 593 U.S. 230 (2021). Defendant contends each stated ground was error, and that the civil-rights grounds in the notice of removal required the action to remain in federal court or, at minimum, required appellate review before transmission to state court. Defendant further contends that the September 8, 2026, 4:44 p.m. notice of removal of these same files is for related and brand new civil rights violations triggering, and the July 26–27, 2026 removal of receivership PC-2024-05826, had already attached the stay in 28 U.S.C. § 1446(d), so that the October 1 remand transmitted a case the state court had been forbidden to advance. Appearance in the state strike motion was special and conditional and did not consent to jurisdiction, cure service, or restore a plaintiff contended to lack standing after sale. Defendant reserves the tag-along into 1:25-cv-13806, the defective-service and continuance defenses, the post-sale standing defense, constructive eviction, unclean hands, and the § 1983 and RICO claims already pled in the federal action.

**PART II: ISSUES IN SUPPORT OF CIVIL RIGHTS REMOVAL-TAG ALONG TO FEDERAL DISTRICT COURT OF MASSACHUSETTS GGP NATICK, GGP PROVIDENCE PLACE v HARJANI ET AL**

Defendant incorporates the notice of removal and states these issues for appeal.

1. **Deep Fake Wrong-district ruling by Clerks Not Judge.** The Electronic Rapid Fire Order held that removal lies only in the district embracing the place where the action is pending, 28 U.S.C. §§ 1441(a), 1443, and that removal from Rhode Island state court to this District was therefore improper. Defendants contends the eviction complaints are tag-along proceedings to the receivership already removed and to Case No. 1:25-cv-13806 in this Court, in which Harjani is plaintiff, and that relation, supplemental jurisdiction under 28 U.S.C. § 1367, and Fed. R. Civ. P. 42(a) required the cases to be kept together here. He asks the First Circuit to decide whether that theory can overcome §§ 1441(a) and 1446(a).

Defendants further contends the common nucleus is the same mall and Unit 4300, the same parties (Harjani, Instyle, GGP-Providence Place, Receiver Russo, Attorney Crane), the same contended retaliatory lockout and service irregularities, and the same federal questions, so that separate state

prosecution risks inconsistent rulings on standing after the sale, validity of service, and the effect of § 1446(d). Seguro de Servicio de Salud v. McAuto Systems Group, 878 F.2d 5, 8 (1st Cir. 1989).

2. **Section 1446 papers.** The order faulted the failure to file all process, pleadings, and orders served in the state action. Defendant contends service itself was defective, that complete papers were withheld, and that any shortfall was curable and not a ground for sua sponte remand without leave to supplement.

Defendants contends the state strike motion already demanded certified transmittal of the complete file, including rejected filings, returns of service, the August 17–18 email chain, and the September 8 Superior Court order, and that remand for a missing attachment ignored that the withholding is itself a contended lawfare act.

3. **Section 1443 civil-rights removal.** Defendant contends he is an interracial immigrant business owner targeted for exercise of federal rights, and that he cannot enforce Fourteenth Amendment and 42 U.S.C. § 1983 rights in the Rhode Island court because that court is the instrument of the deprivation. He relies on Georgia v. Rachel, 384 U.S. 780 (1966), City of Greenwood v. Peacock, 384 U.S. 808 (1966), and Johnson v. Mississippi, 421 U.S. 213 (1975), and asks the circuit to hold that the remand is reviewable and was wrong.

Defendant adds 42 U.S.C. § 1985(3) and contends continued prosecution after actual notice of removal is a further deprivation under color of law. Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 436–37 (1974); Mitchum v. Foster, 407 U.S. 225 (1972).

4. **Systemic weaponized lawfare.** Defendant contends the 7-day commercial summary-process cases are not ordinary evictions. He contends they are retaliatory tag-alongs to a receivership and to the federal action, used to clear Unit 4300 at Providence Place after he exposed what he calls a pre-arranged mall acquisition and after he sued. He contends the pattern includes a July 4, 2026 weekend lockout threat, padlock and chain attempts, a bait-and-switch from a larger storefront into a 350-square-foot space, fabricated rent defaults against a claimed zero balance, and use of process to punish the federal case.

**Weaponized Judicial Lawfare,** as contended in the strike motion. Defendant contends the state court, after the September 8, 2026, 4:44 p.m. removal, attempted a railroad hearing and extrajudicial orders, including any September 10, 2026 setting and any demand for use-and-occupancy or rent payable to Attorney Russo. He contends that continuing after notice of removal

is itself the lawfare: process used to reach possession and payment after § 1446(d) had commanded the state court to proceed no further. Steamship Co. v. Tugman, 106 U.S. 118, 122 (1882). He contends the parallel Natick "trial by ambush" after the 12/10/2025 removal is the same playbook, already before this Court, and that the October 1 remand sends the tenant back into it, on yet again "deep fake" clerk created text order, with no judicial oversight that is not disqualified, clearly conflicted and a puppet of Governor Healey's Muncipal Mafia.

5. **Municipal and private conspiracy to deprive civil rights**. Defendant contends Receiver W. Mark Russo, Attorney Michael D. Crane, mall personnel, and state judicial actors combined under color of law to deprive equal protection and due process, in violation of the Constitution and 42 U.S.C. §§ 1983 and 1985, and that the same nucleus is alleged as racketeering under 18 U.S.C. §§ 1961–1968 in Case No. 1:25-cv-13806. He contends former Providence Mayor Joseph Paolino, Jr., and Stephen Congel, and the receiver's broker arranged a sale outside public bid parameters, and that the evictions are the enforcement arm of that scheme. These are contentions, offered as the basis of the § 1443 removal.

Defendants contends the combination continued after title passed, by using a September 8, 2026 Superior Court order as a warrant to evict for a former receiver the Defendants timely removal preempted any and all orders of the "Insider" 20 year retited Judge Gorman. Private parties who proceed in concert after jurisdiction is contended to have ceased are not shielded by the receiver's former status. Dennis v. Sparks, 449 U.S. 24, 27–28 (1980). This paragraph is a contention for appeal, not a criminal charge.

6. **Secret hearings, block-and-mute, and pre-scripted orders and Deep Fake Lower Court Judge Retired 20 Years Ago Inserted to Unlawful Evict Defendants**. Defendant contends that at May 22 and June 26, 2026 WebEx proceedings, Presiding Justice Brian Stern muted pro se objectors, that emergency filings were kept off the public docket, and that rulings were read from pre-drafted scripts after off-record sidebars, including a Rule 11 show-cause and a denial of disqualification. He contends those acts denied a hearing and equal access to the court. The lawfare continues, with extrajudicial mini trial after the timely September 8, 2026, 4:44 p.m. removal, Judge Gorman, marched on, Defendants have now discovered was a personal friend with new owner of mall and clear **"INSIDER"** that was "deep faked" in to the RI Court, has been retired for 20 years, but personal friends

with W. Mark Russo and New owners of Providence Place Mall, "mastermind, man with the evil plan" Joe "Goof" Paolino, a know associate of Wexner, Epstein, Maxwell in certain equestrian circles.

**Criminal docket manipulation,** as contended. Defendant contends the related receivership docket was run on two tracks, one public and one off-record: WebEx mute and block of pro se tenants holding priority claims; emergency motions disappearing from the public tracker; and bench rulings read from pre-drafted scripts. He contends the September 8, 2026 Superior Court order shows an electronic filing or certification dated September 1, 2026, 5:00 p.m., Envelope 5822228, a hearing recited as August 31, 2026, and "Enter as an Order … this 8th day of September, 2026," signed by Associate Justice Brian P. Stern and entered by the clerk the same day as the 4:44 p.m. removal, after the August 19 closing. He contends that dating and entry sequence was used to control notice and to manufacture post-sale eviction authority, and that any reliance on it in these District Court files must be treated as void under Super. R. Civ. P. 60(b)(3), (4), and (6). He contends Justice Stern and Attorney Crane are already named in the related federal papers, and that proceeding against parties who have sued them, after removal, supports disqualification. Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009). These are contentions offered to show why § 1443 review was required before remand.

7. **Defective service, continuance repudiation, and claimed postal impersonation.** Defendant contends the July 23, 2026 summons was left at a kiosk, not on Harjani, a registered agent, or a person in charge, so the seven-day answer period under R.I. Gen. Laws § 34-18.1-9 never began. He contends that on August 17, 2026 counsel admitted the motions and exhibits had not been served; that counsel's August 18, 2026 email agreed to continue the hearing to September 9, 2026; and that counsel then repudiated that agreement. He further contends a person in a postal-style uniform bypassed the mall mailroom on a Saturday, handed a bare notice to a floor employee, and that this was not lawful service by a sheriff or constable. He contends any default or writ based on that service or on the repudiated continuance is void.

**<u>Defendant contends Rhode Island District Court Rule 4 and Title 9, Chapter 5</u>** require service by a sheriff, constable, or court-appointed server, not an off-duty courier in a postal-style uniform, and that Crane's August 18, 2026, 8:39 a.m. writing — "I will continue the hearing to Wednesday,

September 9, 2026. Please provide the address to mail any paperwork." — was relied on when emergency preparation was stood down. Any default founded on the vacated August 19 calendar, or on papers never properly served, is contended to be void, and the October 1 remand did not reach that estoppel.

8. **Effect of the earlier receivership removal.** Defendant contends a July 26–27, 2026 notice of removal of Rhode Island Superior Court C.A. No. PC-2024-05826 triggered 28 U.S.C. § 1446(d), stayed derivative eviction cases and their instant removal, and made later state orders void. He asks the circuit to decide whether that contention, if true, precluded this remand.

Defendants contends R.I. Gen. Laws § 10-21-5 gives the appointing court exclusive jurisdiction only over controversies related to receivership property until such Federal Removal, and that once the asset was sold the real estate was no longer receivership property in the Receiver's hands. A former receiver cannot wear the landlord's hat in District Court. The July 27 removal is contended to have frozen Russo's appointing authority before these tag-along files were pushed forward. Post-removal state acts are contended to be ultra vires. Maseda v. Honda Motor Co., 861 F.2d 1248, 1254–55 (11th Cir. 1988); Ackerman v. ExxonMobil Corp., 734 F.3d 237, 246 (4th Cir. 2013).

9. **Federal questions ignored**. Defendant contends the notice of removal raised federal questions under §§ 1331, 1441, and 1443, including § 1983, RICO predicates, and due-process challenges to the eviction procedure, and that sua sponte remand did not address those questions.

Defendant contends the ignored questions also include lack of standing after the August 19, 2026 alleged closing, voidness of post-removal orders, estoppel from the written continuance, failure of personal jurisdiction, constructive eviction under R.I. Gen. Laws § 34-18.1-15, and the demand that no rent or use-and-occupancy order in favor of Russo is enforceable.

10. **Sanctions warning**. The Electronic Order warned that further improper removals may result in an injunction requiring prior leave, and it cited prior removals and Fiorillo's filing injunctions. Defendant contends a civil-rights removal is not sanctionable merely because it is aggressive, and that the warning should not be used to close the § 1447(d) appeal path and all the 4 cases are inextricably related supporting the 5th leg of the federal removal "tag along" for the instant case.

Defendants contends the strike motion's reservation of Rule 11, 28 U.S.C. § 1927, and Chambers v. NASCO, Inc., 501 U.S. 32 (1991), runs against **"bad actors"** who proceed after the statutory stay, and that the October 1 warning cannot be turned around to bar this appeal of the remand itself and the October 13th R.I. 6th District Court hearing must be stayed.

**PART III: STAY OF RID DISTRICT COURT EVICTION PROCEEDINGS ON OCTOBER 13 TH 2026 AND ATTEMPTS FOR DEEP FAKE CONSTRUCTIVE EVICTION POSESSION AND SNAP REMAND ORDERS**

Defendant moves to stay enforcement and transmission of the October 1, 2026 remand, including mailing of the certified copy to the Rhode Island Sixth Division District Court, until the First Circuit mandate. He contends a § 1443 remand is reviewable; that transmission before review defeats § 1447(d); that state summary process will otherwise resume against the storefront; and that a stay preserves the status quo only. He asks that the stay be decided before the clerk mails the remand under § 1447(c). He further asks that the stay freeze any writ of possession, execution, levy, lockout, padlock, chaining, inventory seizure, and any demand that rent or use-and-occupancy be paid to Russo or Crane, because those are the post-removal acts the strike motion sought to nullify. He contends that without the stay the state railroad moots the appeal. He asks the circuit record to include the strike motion's demand for an evidentiary hearing limited to the closing documents, the August 17–18 email chain, what was in the Saturday packet, the identity and authority of the Saturday courier, the lease ledgers ($70,000 demand versus a contended $0.00 balance), and the Centennial / Russo communications on the July 4 lockout.

**PART IV: FEE WAIVER, IF REQUIRED**

If a fee is required and Defendant cannot prepay it, he moves under 28 U.S.C. § 1915(a) and Fed. R. App. P. 24 to proceed on appeal in forma pauperis and will file the affidavit.

**PART V: RELIEF**

Defendant asks the Court to accept this notice of appeal and process same with the 1st Circuit Court of Appeals, stay transmission of the remand pending mandate, rule on any fee-waiver application, and transmit the notice and record to the First Circuit under Fed. R. App. P. 3(d) and 11. Defendant also asks that the transmitted record include the September 8, 2026, 4:44 p.m. removal, the state strike and closure demand, the September 8 Superior Court order in PC-2024-05826 as used in

these files, and the August 18 continuance email, so the First Circuit has the weaponized-lawfare and docket-manipulation contentions the October 1 order did not address.

Dated: October 5th 2026

Respectfully submitted,

/s/ Hitesh (Harry) Harjani
Hitesh (Harry) Harjani, Defendant Pro Se
Individually and on behalf of Instyle Fragrances LLC
5 Scotch Cap Road, Quaker Hill, CT 06375
harryharjani@yahoo.com
860-913-6032
Nicholas Fiorillo, pro se
Assignment of Claims,
2081 London Town Lane
Titusville, Florida
Gotspace1222@gmail.com

**CERTIFICATE OF SERVICE AND VERIFICATION**

We certify that the contentions above are true to the best of my knowledge, and that on October 5th, 2026, a true copy was served through CM/ECF and/or on all counsel of record and unrepresented parties in hand at the Federal Clerks office.

/s/ Hitesh (Harry) Harjan
/s/ Nicholas Fiorillo

We certify that on this 5th day of October, 2026, a true and correct copy of the foregoing Emergency Motion was served electronically via the Court's CM/ECF system upon all counsel of record and the statements contained herein are true and accurate to the best of our knowledege.

/s/ Hitesh (Harry) Harjani
/s/ Nicholas Fiorillo