FILED
IN CLERKS OFFICE
2026 OCT -9 A 10:42
U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**Worcester Division**

**Case No.: 1:25-cv-13806-ADB 1:26-cv-13935, 1:25-cv-13803,4:26-cv-40217**

**Hitesh (Harry) Harjani, pro se,**
**Nicholas Fiorillo, pro se,**
**Gatsbys Chop House, LLC, with assignment of claims,**
**Instyle Fragrances-Perfumes d/b/a Instyle Runway, with assignment of claims,**
*Plaintiffs,*

**v.**

**GGP-Natick West L.L.C., GGP Providence, et al.,**
*Defendants.*

**PLAINTIFFS' EMERGENCY OMNIBUS NOTICE OF AUTOMATIC DISTRICT COURT JURISDICTIONAL DIVESTITURE — AND RENEWED MOTION FOR AN OPERATIONAL STAY OF ALL UNDERLYING PROCEEDINGS INCLUDING THE RHODE ISLAND DICTRICT COURT EIVICTION CASES CA-2026-10388, CA-2026-10389, 1:26-cv-11113 REMOVALS NOW PENDING ON APPEAL AND DEMAND FOR EM BANC INTERLOCUTORY ADJUDICATION IN THE FIRST CIRCUIT UNDER ACTIVE APPELLATE CASE NO. 26-2053 26-1112, 26-1113, 26-1114 AND DEMAND FOR EN BANC EVIDENTIARY HEARING ON THE MERITS**

Now come the Plaintiffs, Hitesh (Harry) Harjani and Nicholas Fiorillo, proceeding pro se individually and as the lawful Membership Interest Holders and Assignees of corporate claims for Gatsbys Chop House, LLC and Instyle Fragrances-Perfumes d/b/a Instyle Runway (collectively, the "Plaintiffs"), and respectfully file this Emergency Notice of Blanket Automatic Jurisdictional Divestiture and concurrent Renewed Omnibus Motion to Stay all underlying District Court proceedings in all actions captioned above.

Plaintiffs formally notify this Court that on September 15, 2026, the United States Court of Appeals for the First Circuit formally docketed and opened the brand-new MASTER APPEAL TRACK, active interlocutory appeal under **Case No. 26-2053.** This active appeal targets the **"Leap Frog" of a deep fake structural validity of the electronic "ghost order"** entered on this docket on September 18, 2026 (ECF No. 47). Which attempted to purge Nicholas Fiorillo individually and eliminate separate corporate property claims with out em banc three panel hearing on the merits. The Secret Courts have now been **Caught Left Handed attempting to block National Whistleblower, Private Attorney General Nicholas Fiorillo as a Plaintiff in this action.**

This is not a routine commercial lease dispute. This is the cold-blooded, state-sponsored weaponized lawfare attack against civil rights and access to the courts and murder of the American Dream. By and through **Governor Healey's Municipal Political-Judicial-LEO Mafia** inside a coordinated corridor of corrupt Massachusetts courtrooms through deep-fake receiverships, bait-and-switch evictions, and the outright theft of small businesses by weaponized corporate interests and their complicit fiduciaries. To prevent an unreviewable, fatal trial defect, a total stay of all underlying discovery, responsive deadlines, and service timelines must be entered immediately while the full en banc circuit reviews the structural record distortions.

## I. PROCEDURAL GROUNDING AND AUTOMATIC JURISDICTIONAL DIVESTITURE

1. On July 15, 2026, Plaintiffs formally docketed their 30-page master First Amended Verified Complaint and Demand for Jury Trial in this Court, seeking $122,000,000.00 in systemic structural recourse for civil rights violations under 42 U.S.C. § 1983, trans-jurisdictional racketeering under 18 U.S.C. §§ 1961-1968, and deep-state public corruption with completed service on all parties.
2. **On September 15, 2026,** the United States Court of Appeals for the First Circuit formally issued its **Master Appeal Case Opening Notice under Case No. 26-2053,** establishing active, unblocked appellate jurisdiction over the threshold constitutional issues and demand for em banc evidentiary hearing on the merits.
3. **On September 18, 2026,** an electronic **"LEAP FROG"** text order was entered on the master tracking index, attempting to **"travel back in time"** to strip the appellate rights,

and revoke **26-2053** appellate track and then "doubled down" purporting to dismiss all claims asserted by Plaintiff Nicholas Fiorillo "regardless of assignee status" and SEAL THE RECORD TO COVER UP THE SECRET COURTS LAWFARE based upon a historical deep fake, forged, pre-filing restriction wall in Case No. 1:23-cv-10732-NMG.

4. It is black-letter federal law that the filing of a timely and valid notice of appeal—particularly under the Collateral Order Doctrine, which was filed on September 15th 2026—immediately divests the District Court of its control over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Co.*, 459 U.S. 56, 58 (1982). The trial court loses all jurisdiction to alter, dismiss, or adjudicate core property interests while those exact interests sit before the circuit court for review.
5. This Court retains the inherent, discretionary power to formalize a stay of proceedings, which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

## II. STRUCTURAL CAUSE FOR OMNIBUS STAY SUPOIRTED BY DEMAND FOR JUDICIAL INVESTIGATION INTO WEAPONIZED LAWFARE: SYSTEMIC CLERK-LEVEL ERRORS AND UNCONSTITUTIONAL GATEKEEPING

### A. The Flaw of Automated, Unsigned "Ghost Orders"

The electronic docket entry entered on September 18, 2026, lacks authentic judicial authorship and was not hand-drafted, customized, or personally signed by the presiding Judge. Instead, it constitutes an automated text script generated from pre-set, clerk-level screening templates engineered by third-party secret court boiler room personnel to insulate corruption vectors and shield corporate fiduciaries from live discovery tracks. Due process mandates that dispositive orders altering the fundamental party alignment of an active civil rights case must be the product of independent, transparent judicial review, not clerical automation. Proceeding on the merits while this structural record distortion remains unresolved creates an unreviewable, fatal trial defect. The September 15th case opening notice of 26-2053 is alive and well, pending em banc review.

### B. Violation of Indigency Mandates and Codified Executive Protections

The text entry attempts to strip Plaintiff Fiorillo from the active record for failing to satisfy a cash pre-filing condition from a 2023 case. However, multiple components of the Massachusetts court system have formally adjudicated Plaintiff Fiorillo to be entirely indigent. He lacks any current financial capacity to clear the thousands of dollars demanded by the 2023 fee wall, as his personal accounts and commercial assets remain completely frozen under a **deepfake $500,000,000.00 state-court default judgment.**

| CASE NAME | COURT NAME & ADDRESS |
|---|---|
| Northern Bank & Trust Company et al<br>vs.<br>Fiorillo, Nicholas et al | Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

JUDGMENT FOR THE FOLLOWING PLAINTIFF(S)
Northern Bank & Trust Company

JUDGMENT AGAINST THE FOLLOWING DEFENDANT(S)
Nicholas Fiorillo

This action came on to be heard before the Court, Hon. David A Deakin, presiding, upon the marking of the motion of above named Plaintiff(s), in the above entitled action, for a default Judgment by the Court, pursuant to Mass.R.Civ.P. 55(b)2 and it appearing to the court that the complaint in said action was filed on 04/05/2023 and that the summons and complaint were duly served on the Defendant(s), and that no answer or other defense has been filed by the said defendant, and that default was entered in the office of the clerk of this court,
and that no proceedings have been taken by said Defendant since said default was entered.
After Hearing, it is **ORDERED AND ADJUDGED:**
The plaintiff(s) named above recover of the defendant(s) named above,Jointly & Severally the "Judgment Total" with interest thereon as outlined below as provided by law, and the statutory costs of action.

| | |
|---|---|
| 1. Date of Breach, Demand or Complaint | 04/05/2023 |
| 2. Date Judgment Entered | 12/27/2023 |
| 3. Number of Days of Prejudgment Interest *(line 2 - Line1)* | 266 |
| 4. Annual Interest Rate of 0.12/365.25 = Daily Interest rate | .000329 |
| 5. Single Damages | $479,950,271.00 |
| 6. Prejudgment Interest *(lines 3x4x5)* | $42,002,368.02 |
| 7. Double or Treble Damages Awarded by Court *(where authorized by law)* | $ |
| 8. Statutory Costs | $.00 |
| 9. Attorney Fees Awarded by Court (where authorized by law) | $255,747.83 |
| 10. **JUDGMENT TOTAL PAYABLE TO PLAINTIFF(S)** *(Lines 5+6+7+8+9)* | $522,190,072.24 |

The United States Supreme Court has repeatedly affirmed that access to the courts cannot be unconstitutionally denied based on a citizen's inability to pay court costs or fees. *Boddie v. Connecticut*, 401 U.S. 371, 374 (1971). Enforcing a prior monetary sanction against an indigent citizen transforms an administrative penalty into an unconstitutional permanent ban on court access. This ban directly silences a vital whistleblower who is actively exposing trans-jurisdictional asset manipulation schemes inside regional public infrastructure malls.

Furthermore, this deployment of financial lawfare and retaliatory gatekeeping violates the core civil rights protections and codified executive mandates established under President Trump's Executive Orders designed to end the weaponization of the judicial and administrative apparatus against American citizens and national whistleblowers.

### C. Individual Restrictions Cannot Extinguish Valid Corporate Claims

The automated text entry completely inverts black-letter corporate law by failing to distinguish between Nicholas Fiorillo acting individually and Nicholas Fiorillo acting as a lawful assignee of valid corporate claims and choses in action belonging to active business tenants. As explicitly detailed in the First Amended Verified Complaint, the underlying claims belong to the distinct business entities—Gatsbys Chop House, LLC and Instyle Fragrances-Perfumes—whose corporate membership interests and choices in action were legally assigned to Fiorillo pursuant to M.G.L. c. 106, § 2-210. An individual pre-filing restriction cannot be weaponized by corporate defense counsel to unconstitutionally dissolve or dismiss the separate, property rights of an assigned commercial leasehold seeking treble damages under RICO. Stripping Fiorillo from this active file strips the corporate entities of their chosen coordinator and representative, creating a severe miscarriage of justice that halts the litigation track for Co-Plaintiff Hitesh Harjani.

## III. BALANCING OF HARM AND JUDICIAL ECONOMY

A full stay of all District Court discovery, service confirmations, and calendar items pending the First Circuit's review is required under the traditional balancing tests:

1. **Irreparable Harm to Plaintiffs via Severance:** If this action moves forward with only Co-Plaintiff Harjani on the active docket while Fiorillo's assigned claims are excluded, the

core trans-jurisdictional conspiracy claims will be unconstitutionally severed. This destroys the unified racketeering pattern and blocks the presentation of critical whistleblower evidence regarding the rigged $133,000,000.00 insider mall transactions orchestrated during private dinner sessions at Rao's Restaurant and the Harvard Club.

2. **Zero Prejudice to Defendants:** The Defendants suffer absolutely no prejudice by a brief, structured operational stay. Most core corporate and municipal defendants have already been formally served via tracked mail and possess actual, electronic notice of every filing via the CM/ECF network.
3. **Conservation of Judicial Resources:** If the First Circuit vacates the automated text entries and orders Fiorillo's full structural reinstatement—as required under constitutional indigency parameters—moving forward now would force the Court to redo all initial pleadings, discovery schedules, and service steps. A stay completely avoids double litigation and ensures that the court does not run a parallel track with a rotted structural record.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant this Emergency Motion and enter an Order:

1. **STAYING ALL PROCEEDINGS** in District Court **Case No.: 1:25-cv-13806-ADB 1:26-cv-13935, 1:25-cv-13803,4:26-cv-40217**, and the Rhode Island District Court **CASES CA-2026-10388, CA-2026-10389 Removed and Now on Appeal** including all Hearings set for next week, discovery tracks, responsive pleading deadlines, and service timelines, until the U.S. Court of Appeals for the First Circuit issues its final, binding mandate on Plaintiffs' active Interlocutory Appeal under Case No. 26-2053;
2. **MAINTAINING CO-PLAINTIFF NICHOLAS FIORILLO'S OMNIBUS PROTECTIVE STANDING** on the active record and face of all pleadings as a real party in interest and corporate assignee until the appellate courts fully adjudicate the clerk-level boilerplate, financial gatekeeping, and provisional sealing cover-ups; and
3. **GRANTING EN BACN EVIDENTIARY HEARING ON THE MERITS** such other and further relief as this Court deems just, equitable, and necessary to protect the structural integrity of the public docket.

Dated: October 6th, 2026

Respectfully submitted under penalty of perjury,

By: /s/ Nicholas Fiorillo
**Nicholas Fiorillo, Pro Se**
*Assignee of Individual and Corporate Claims & Party of Interest*
200 S. Andrews #504, Fort Lauderdale, FL 33310
gotspace1222@gmail.com

By: /s/ Hitesh Harjani
**Hitesh (Harry) Harjani, Pro Se**
*Managing Member, Gatsby's Chop House, LLC & Instyle Fragrance Brands*
5 Scotch Cap Rd, Quaker Hill, CT 06375
harryharjani@yahoo.com

## CERTIFICATE OF SERVICE AND VERIFICATION

We hereby certify that on this 6th day of October 2026, a true and accurate copy of the foregoing Master Emergency Notice and Renewed Motion to Stay was served, and via tracked United States Mail, upon all registered counsel of record for the Defendants-Appellees, the Permanent and all concerned regional public infrastructure management entities. We attest to the statements contained here in as true and accurate to the best of memory and knowledge.

/s/ Nicholas Fiorillo
/s/ Hitesh Harjani