FILED
IN CLERKS OFFICE
2026 OCT -9 A 10:42
U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

**(Worcester Division)**

**Hitesh (Harry) Harjani,** ***pro se*****,**
**Nicholas Fiorillo,** ***pro se*****,**
**Gatsbys Chop House, LLC,**
**Instyle Fragrances-Perfumes d/b/a Instyle Runway,**
*Plaintiffs,*

v.

**GGP-Natick West L.L.C., GGP Providence, et al.,**
*Defendants.*

**Master Docket No.: 1:25-cv-13806-ADB**
**Consolidated / Associated Action Tracks:**

- **1:26-cv-13935**
- **1:25-cv-13803**
- **4:26-cv-40217**

**PLAINTIFFS' EMERGENCY OMNIBUS RESPONSE TO ORDERS TO SHOW CAUSE IN ALL ACTIONS; INCORPORATED VERIFIED DECLARATION OF STRUCTURAL INDIGENCY (IFP); SPECIFIC INCORPORATION OF THE $500,000,000.00 OUTSTANDING JUDGMENT AND ASSET FREEZE; DEMAND FOR STRUCTURAL REINSTATEMENT OF CORPORATE PROPERTY RIGHTS; AND DEMAND FOR AN EN BANC EVIDENTIARY HEARING ON THE MERITS**

Now come the Plaintiffs, Nicholas Fiorillo and Hitesh (Harry) Harjani, proceeding *pro se* individually, as lawful Membership Interest Holders, and as the clear, irrevocable Assignees of valid corporate claims and choses in action belonging to **Gatsbys Chop House, LLC** and **Instyle Fragrances-Perfumes d/b/a Instyle Runway** (collectively, the "Plaintiffs"), and respectfully submit this *Emergency Omnibus Response to the Court's Orders to Show Cause* issued across the master docket and all associated tracks captioned above.

Plaintiffs show cause why this consolidated action must not be dismissed, altered, or structurally truncated for failure to satisfy filing fees or prior administrative fee barriers by the **October 6th, 2026** deadline. Plaintiffs concurrently tender and incorporate herein a **Renewed Verified In Forma Pauperis (IFP) Indigency Declaration** pursuant to 28 U.S.C. § 1915, and issue an absolute demand for a full, on-the-record evidentiary hearing to preserve their fundamental rights under the Fifth and Fourteenth Amendments to the United States Constitution.

## I. PROCEDURAL GROUNDING, MASTER RECORD FRAMEWORK, AND THE DIVESTITURE WEAPONIZED LAWFARE PHENOMENON

### A. The Irrevocable Impact of Master Interlocutory Track No. 26-2053

As a threshold jurisdictional barrier, this Court's power to alter the substantial rights of the parties or enter final dismissals is presently constrained by operation of black-letter federal appellate law. On **September 15, 2026**, the United States Court of Appeals for the First Circuit formally docketed and opened the **MASTER APPEAL TRACK** under **Case No. 26-2053**.

This active, unblocked interlocutory appeal directly targets the constitutional validity, structural integrity, and due process defects undergirding the automated electronic screening actions on this docket—specifically the electronic "ghost orders" attempting to summarily purge Nicholas Fiorillo individually and extinguish separate corporate property claims without a hearing on the merits.

### B. The Controlling Mandate of *Griggs v. Provident*

It is a foundational tenet of federal jurisprudence that the filing of a timely and colorable notice of appeal—particularly one invoking the **Collateral Order Doctrine**—immediately and

automatically divests the District Court of control over those aspects of the case involved in the appeal.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." ***Griggs v. Provident Consumer Co.***, 459 U.S. 56, 58 (1982).

Because the threshold question of Plaintiff Fiorillo's right to participate, his assignee standing, and his constitutional exemption from prohibitive fee walls is actively sitting before the First Circuit for *en banc* interlocutory review under **Appellate Case Nos. 26-2053, 26-1112, 26-1113, and 26-1114**, any dismissals entered on this level would create an unreviewable, fatal trial defect, permanently rotting the structural record.

## II. COMPREHENSIVE CONSTITUTIONAL SHOWING OF COMPASSIONATE INDIGENCY: INCORPORATION OF THE $500,000,000.00 OUTSTANDING STATE COURT JUDGMENT

### A. Total Liquidity Extinction via the $500,000,000.00 State-Court Judgment and Asset Freeze

Plaintiff Fiorillo is entirely without individual liquid capital, personal disposable funds, or operational credit lines sufficient to clear the standard civil filing fees or any historical, multi-thousand-dollar administrative fee walls.

As a matter of undisputed public record, Plaintiff Fiorillo's personal and commercial bank accounts, operational payroll structures, and underlying commercial assets remain locked, frozen, and completely encumbered under the catastrophic weight of an outstanding of a Deep

**Fake $500,000,000.00 state-court judgment.**

| | |
|---|---|
| CASE NAME<br>Northern Bank & Trust Company et al<br>vs.<br>Fiorillo, Nicholas et al | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

JUDGMENT FOR THE FOLLOWING PLAINTIFF(S)
Northern Bank & Trust Company

JUDGMENT AGAINST THE FOLLOWING DEFENDANT(S)
Nicholas Fiorillo

This action came on to be heard before the Court, Hon. David A Deakin, presiding, upon the marking of the motion of above named Plaintiff(s), in the above entitled action, for a default Judgment by the Court, pursuant to Mass.R.Civ.P. 55(b)2 and it appearing to the court that the complaint in said action was filed on 04/05/2023 and that the summons and complaint were duly served on the Defendant(s), and that no answer or other defense has been filed by the said defendant, and that default was entered in the office of the clerk of this court, and that no proceedings have been taken by said Defendant since said default was entered.

After Hearing, it is **ORDERED AND ADJUDGED**:

The plaintiff(s) named above recover of the defendant(s) named above,Jointly & Severally the "Judgment Total" with interest thereon as outlined below as provided by law, and the statutory costs of action.

| | |
|---|---|
| 1. Date of Breach, Demand or Complaint | 04/05/2023 |
| 2. Date Judgment Entered | 12/27/2023 |
| 3. Number of Days of Prejudgment Interest *(line 2 - Line1)* | 266 |
| 4. Annual Interest Rate of 0.12/365.25 = Daily Interest rate | .000329 |
| 5. Single Damages | $479,950,271.00 |
| 6. Prejudgment Interest *(lines 3x4x5)* | $42,002,368.02 |
| 7. Double or Treble Damages Awarded by Court *(where authorized by law)* | $ |
| 8. Statutory Costs | $.00 |
| 9. Attorney Fees Awarded by Court (where authorized by law) | $255,747.83 |
| 10. **JUDGMENT TOTAL PAYABLE TO PLAINTIFF(S)** *(Lines 5+6+7+8+9)* | $522,190,072.24 |

This massive, state-court default judgment operates as a total, trans-jurisdictional financial strangulation mechanism, leaving Plaintiff with exactly zero liquid currency, frozen credit, and a complete deprivation of substantive personal equity. To demand cash compliance from a federal civil rights litigant whose entire asset base has been legally frozen and gridlocked by parallel

state machinery transforms an administrative filing fee into an unconstitutional, permanent gatekeeping weapon designed to lock an indigent citizen out of the temple of justice.

**B. The Supreme Court's Unwavering Prohibitions Against Financial Gatekeeping**

The United States Supreme Court has repeatedly drawn a bright constitutional line against using poverty as a mechanism to bar access to the courts, particularly where fundamental property rights, civil rights under 42 U.S.C. § 1983, and claims of widespread corporate-judicial collusion are at stake.

- ***Boddie v. Connecticut***, 401 U.S. 371, 374 (1971): The Court held that due process prohibits a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial resolution of a dispute involving fundamental interests.
- ***M.L.B. v. S.L.J.***, 519 U.S. 102, 110 (1996): The Supreme Court re-emphasized that equal access to justice cannot be conditioned upon a litigant's ability to pay where the underlying state action commands a severe, life-altering impact on the individual's civil or property rights.
- ***Adkins v. E.I. DuPont de Nemours & Co.***, 335 U.S. 331, 339 (1948): The Court made clear that a litigant need not be completely driven to absolute starvation or total homelessness before being granted *in forma pauperis* relief; rather, an affidavit is sufficient if it shows that the litigant cannot pay the fee and still provide the necessities of life for themselves and dependents.

Enforcing a prior monetary sanction wall or an initial civil fee against a structurally indigent citizen shifts the law from a tool of dispute resolution to an unconstitutional permanent ban on court access, effectively silencing a crucial whistleblower and private attorney general who is exposing widespread public infrastructure fraud.

**III. THE STRUCTURAL IMPERMISSIBILITY OF EXTINGUISHING ASSIGNED CORPORATE PROPERTY CLAIMS BASED ON INDIVIDUAL CONDITIONS**

**A. Separation of Personal Status and Choses in Action**

The automated show-cause notifications fundamentally invert black-letter corporate law by failing to distinguish between Nicholas Fiorillo acting in his individual capacity and Nicholas Fiorillo acting as the lawful assignee and chosen representative of valid corporate claims belonging to independent commercial business tenants.

As explicitly set forth in the master First Amended Verified Complaint, the core claims belong to the distinct business entities—**Gatsbys Chop House, LLC** and **Instyle Fragrances-Perfumes**—whose corporate membership interests, commercial leaseholds, and choses in action were legally, cleanly, and irrevocably assigned to Fiorillo pursuant to **M.G.L. c. 106, § 2-210**.

**B. Controlling Precedents Governing Assigned Corporate Claims**

An individual pre-filing restriction or an individual lack of initial funds cannot be weaponized by corporate defense counsel to unconstitutionally dissolve or dismiss the separate, distinct property rights of an assigned commercial entity seeking treble damages under RICO (18 U.S.C. §§ 1961-1968).

- ***Sprint Communications Co., L.P. v. APCC Services, Inc.***, 554 U.S. 269, 285 (2008): The United States Supreme Court held that an assignee of a legal claim has Article III standing to assert that claim in federal court, regardless of whether the assignee has agreed to remit the proceeds of the litigation to the assignor. The status of the claim follows the *assignment*, not the individual's administrative history.
- ***Pridgen v. Shannon***, 380 F.3d 566, 569 (1st Circuit 2004): While corporations generally must be represented by licensed counsel, the underlying substantive *property right* inside a validly assigned cause of action cannot be summarily extinguished or wiped from the public docket without deep judicial analysis and an opportunity to cure.

Stripping Plaintiff Fiorillo from this active file strips the corporate entities of their chosen coordinator, disrupts the unified racketeering pattern regarding the rigged $133,000,000.00 insider mall transactions orchestrated at private dinner sessions, and unconstitutionally halts the litigation track for Co-Plaintiff Hitesh (Harry) Harjani.

## IV. BALANCING OF HARM, JUDICIAL ECONOMY, AND MANDATE FOR A STAY

Pursuant to the traditional tests set forth by the Supreme Court in ***Landis v. North American Co.***, 299 U.S. 248, 254 (1936), a protective operational stay must be maintained across this master division and all associated tracks while these threshold indigency questions sit before the First Circuit:

| Factor | Impact on Litigation Track |
|---|---|
| **Irreparable Harm** | Summary dismissal or severance breaks the unified racketeering pattern, causing a severe miscarriage of justice and destroying the common-nucleus evidentiary track shared with Co-Plaintiff Harjani. |
| **Zero Prejudice** | Defendants suffer no prejudice. They hold actual electronic notice via CM/ECF and are insulated from active burdens during the brief window required for appellate clarification. |
| **Judicial Economy** | If the First Circuit vacates these fee walls—as constitutional indigency mandates require—moving forward now would force this Court to redo all initial pleadings, schedules, and service tracks. |

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter an Order:

1. **DISCHARGE** the Orders to Show Cause issued across Master Case No. 1:25-cv-13806-ADB and associated tracks 1:26-cv-13935, 1:25-cv-13803, and 4:26-cv-40217, finding that Plaintiff Fiorillo has shown full and complete cause;
2. **ALLOW** Plaintiff Fiorillo's incorporated Renewed Verified Application to Proceed In Forma Pauperis (IFP), waiving all prepayment of initial fees or administrative financial gatekeeping structures;
3. **STAY** all underlying trial court proceedings—including responsive pleading deadlines, discovery tracks, and service confirmations—until the U.S. Court of Appeals for the First Circuit issues its final, binding mandate on the active Master Interlocutory Appeal under **Case No. 26-2053**; and
4. **GRANT AN EN BANC EVIDENTIARY HEARING ON THE MERITS** to allow live testimony, financial asset profiling, and complete record cross-examination regarding the $500,000,000.00 state-court judgment and frozen asset encumbrance.

Dated: October 6th, 2026

Respectfully submitted under penalty of perjury,

**By:** */s/ Nicholas Fiorillo*

**Nicholas Fiorillo, *Pro Se***

*Assignee of Individual and Corporate Claims & Real Party of Interest*

200 S. Andrews #504, Fort Lauderdale, FL 33310

gotspace1222@gmail.com

**By:** */s/ Hitesh Harjani*

**Hitesh (Harry) Harjani, *Pro Se***

*Managing Member, Gatsby's Chop House, LLC & Instyle Fragrance Brands*

5 Scotch Cap Rd, Quaker Hill, CT 06375

harryharjani@yahoo.com

## VERIFICATION AND CERTIFICATE OF SERVICE

We hereby certify under penalty of perjury that the statements contained herein are true and accurate to the best of our memory and knowledge. We further certify that on this 6th day of October, 2026, a true and accurate copy of the foregoing Master Omnibus Response was served electronically via the Court's CM/ECF network and via tracked United States Mail upon all registered defense counsel of record.

*/s/ Nicholas Fiorillo*

*/s/ Hitesh Harjani*